THE NEWTON TOWNSHIP BUILDING AND LOAN ASSOCIATION

*v.*

WILLIAM A. BOYER et al.

Where a mortgage was foreclosed by an assignee thereof, for non-payment of interest before the principal was due—*Held,* that his assignor could not prove the payment of all the interest to him by the mortgagor before the assignment.

Bill to foreclose.

*Mr. D. J. Pancoast* and *Mr. J. Willard Morgan,* for complainant.

*Mr. C. T. Reed,* for Dickson and Boyer.

BIRD, V. C.

Frederick J. Gilling, being a member of the association above named, borrowed therefrom $800, and gave his bond and mortgage to secure the repayment thereof, dated March 31st, 1876. On December 19th, A. D. 1878, said Gilling, being indebted (so

it is alleged) to the defendant James F. Dickson, in the sum of $2,000, executed to him a bond and mortgage on the lands named in the bill of complaint, to secure the repayment thereof. The condition was that the bond should be paid in five years, with interest, semi-annually, at six per cent., but in case default in the payment of interest should be made for thirty days, then the principal should be considered due. On March 5th, 1879, before the first six months' interest fell due, Dickson assigned this bond and mortgage to the complainant, first, as collateral security for the payment by said Gilling of the balance due on his bond; and secondly, to retain, out of any moneys that may be recovered on said bond, the sum of $500, and to pay the same to Cooper, Stone & Co., on account of a judgment against the said Gilling, and to pay the balance to said Dickson.

This bill is filed to foreclose the mortgage given to Dickson and assigned to complainant, and expressly charges that no part of the interest has been paid. Of course, the five years not having elapsed, the right of the complainant to bring his suit rested wholly on this allegation. The only defence attempted by the evidence and the argument of the counsel was that the whole amount of the interest for the five years had been paid, although not endorsed on the bond. James F. Dickson and William H. Boyer, a subsequent purchaser, answer, and meet the charge of non-payment of interest, if answered at all, in these words:

"That these answering defendants have in all particulars complied with the condition of said two thousand dollars bond and mortgage, and charges that the same is not due and owing until December, eighteen hundred and eighty-three."

In his testimony, Dickson says the interest on this bond was paid for the five years between the making thereof in December, 1878, and the assignment to complainant in March, 1879, by a settlement between himself and Gilling of their accounts, but no endorsement of such payment was made on the bond.

Supposing the answer sufficiently responsive to the charge in the bill that no interest has been paid, such a defence cannot

justly come from the lips of Dickson, who made the assignment. The law imposes silence on him. He cannot be permitted to send the man with whom he deals on such a trail, and when he has gone a long distance at great expense, not only to call a halt but demand a return.

And where stands Mr. Boyer? Is he in a position to claim any benefit from the alleged payment of interest? Under the circumstances, I think not. It does not appear, by the answer or otherwise, that he paid one dollar for the premises. He alleges that he purchased subject alone to the said bond and mortgage for $2,000. He does not allege that the interest then due had been paid, nor that he was told it had been paid, nor that he supposed or believed it had been paid, nor that he in any way assumed the payment of the bond or any part of it. I can see nothing in the case that raises the slightest equity between Boyer and the complainant in favor of Boyer.

Besides, the testimony shows most satisfactorily that the bond and mortgage created no legal liability in equity as between Gilling and Dickson. It was a scheme devised to aid Gilling, and was without any other consideration than such aid. And I am very clear in the conviction that the alleged credit of five years' interest on the $2,000 (being $600), on settlement of their accounts, almost immediately after the mortgage was executed, had no other consideration than friendship, or some prospective advantage to Gilling as between himself and his creditors in case it became convenient to interpose it for that purpose; and that neither party relied upon the bond and mortgage as an evidence of liability as between themselves, nor upon the alleged credit of interest as a discharge in their mutual accounts; but if I should be mistaken in this last, it would be highly inequitable to allow their negligence or indifference to be pleaded when others have been misled thereby. There is no fact or circumstance in the case which calls for an application of the rule of law that an assignee of a mortgage takes it subject to all equities between the prior parties thereto, insisted upon by the counsel of defendants.

I shall advise a decree for the complainant, with costs.